UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

HAROLD J. OSBORNE, SR.,

     Plaintiff,

v.

GILA, LLC D/B/A
MUNICIPAL SERVICES BUREAU

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.     Plaintiff, HAROLD J. OSBORNE, SR., is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, GILA, LLC D/B/A MUNICIPAL SERVICES BUREAU ("MSB") is a Texas limited liability company and citizen of the State of Texas with its principal place of business at Building 4, 8325 Tuscany Way, Austin, Texas 78754.

5.     Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6.     Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

## FACTUAL ALLEGATIONS

7.     Defendant, or others acting on its behalf, left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

**September 20, 2012 – pre-recorded message**
This message is for Harold Osborne. Please return the call to 800-866-9436. Our hours of operation are Monday through Friday between 7AM and 11PM, central time, and Saturday between 8AM and 5PM, central time. We are closed Sundays. Thank you.

**October 23, 2012 – pre-recorded message**
This message is for Harold Osborne. Please return the call to 800-866-9436. Our hours of operation are Monday through Friday between 7AM and 11PM, central time, and Saturday between 8AM and 5PM, central time. We are closed Sundays. Thank you.

8.     In addition to the foregoing, Defendant, or others acting on its behalf, left pre-recorded messages on Plaintiff's cellular telephone service on other occasions and also called without leaving any message.

2

9.     Defendant, or others acting on its behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

10.     Plaintiff received correspondence from Defendant stating that Defendant was attempting to collect an alleged debt due to the City of Fort Lauderdale.

11.     Plaintiff contacted the City of Fort Lauderdale and learned that the City did not provide Plaintiff's cellular telephone number to Defendant and that the City has no record of Plaintiff's cellular telephone number, only his residence number.

12.     Defendant obtained Plaintiff's cellular telephone number not from Plaintiff or the alleged creditor but from some other source.

13.     Defendant knew that Plaintiff did not provide his cellular telephone number to the alleged creditor, obtained his number from some other source, and thus willingly or knowingly violated the TCPA.

14.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

### COUNT I
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

15.     Plaintiff incorporates Paragraphs 1 through 14.

16.     Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

3

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     a declaration that Defendant's calls violate the TCPA;

      c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658